Dear Representative Willard:
Your request for an Attorney General's Opinion was forwarded to me for research and reply. As I understand it, you have asked the following question:
 May district courts utilize the services of a private company to supervise and monitor criminal defendants before trial?
There are two instances in which the services of a private company would be retained in connection with pretrial defendants: 1) defendants released on bail and awaiting trial, and 2) defendants participating in pretrial intervention programs. The resolution of your question involves an examination of judicial authority in both of the above situations.
La. C.Cr.P. Art. 333 grants district courts the power to fix bail in all cases over which they have criminal jurisdiction. Furthermore, La. C.Cr.P. Art. 335 states, in pertinent part:
 The court may impose any additional condition of release that is reasonably related to assuring the appearance of the defendant before the court.
The language of this provision is clear — it bestows upon district courts the broad authority to impose any condition of release which is "reasonably related" to securing the defendant's presence in court. Thus, pursuant to this provision, district courts may employ the services of private companies to monitor and supervise pretrial defendants who have been released on bail and are awaiting trial.
The second inquiry involves a different analysis. La. C.Cr.P. Art. 17 grants trial courts expansive authority to undertake all actions "necessary for the exercise of its jurisdiction and the enforcement of its lawful orders," as well as the power to "control the proceedings that justice is done." However, in a pretrial context, the domain of the court is limited to matters such as bail, attorney appointment, pretrial conferences and pretrial hearings — that is, concerns related to the actual trial. La. C.Cr.P. Art. 242 and Art. 578.1, among others, reflect that pretrial intervention programs fall under the capacity of the district attorney's office. This conclusion is consistent with the authority granted to district attorneys under La. C.Cr.P. Art. 61:
 . . . the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.
Furthermore, previous opinions of this office have confirmed that pretrial intervention programs are entirely
controlled by the district attorneys in their respective judicial districts. See La. Atty. Gen. Op. No. 90-588; La. Atty. Gen. Op. No. 93-481; and La. Atty. Gen. Op. No. 95-318. Thus, district courts do not have the authority to mandate how, and by whom, pretrial intervention programs are administered, and as long as the intervention program is approved by the district attorney, private companies may be utilized to provide services for pretrial defendants.
Therefore, it is the opinion of the Attorney General that, pursuant to La. C.Cr.P. Art. 335, district courts may employ the services of private companies to monitor and supervise pretrial defendants who have been released on bail and are awaiting trial. Furthermore, although the services of private companies may be utilized in pretrial intervention programs, state courts do not have the authority to choose how and by whom such programs are administered. Instead, these programs are the domain of the district attorney in charge of prosecuting the criminal defendant.
I hope that this opinion has adequately addressed your question. If this office may be of further assistance, please do not hesitate to contact us. With warmest regards, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: _______________________________________________ ELLISON C. TRAVIS Assistant Attorney General
Opinion No. 90-588
March 13, 1991
DISTRICT PROSECUTING ATTORNEYS .22 PUBLIC RECORDS ................ 90-C CRIMINAL LAW (crimes offenses) .16
A District Attorney must keep confidential the records of a person enrolled in his pre-trial intervention program. However, once a person completes the program, those records become public records absent a successful order of expungement.
Honorable Duncan S. Kemp, III District Attorney P.O. Drawer 639 Amite, Louisiana 70422-0639